E-FILED - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1283-GHK (JWJx) | Date | July 11, 2008 |
|---|---|---|---|
| Title | *Mike M. Madani, et al. v. Shell Oil Company, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order Re: Defendants' Motions to Dismiss

This matter is before the Court on Defendants' Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). We have considered the papers filed in support of and in opposition to the Motion, and deem this matter appropriate for resolution without oral argument.[1] L.R. 7-15.

**I.   Introduction and Procedural Background**

Defendants Shell Oil Company ("Shell"), Chevron Corporation[2] and Saudi Refining, Inc. ("Saudi Refining," and, collectively, "Defendants"), were partners in two joint ventures, Motiva Enterprises LLC ("Motiva") and Equilon Enterprises LLC ("Equilon"), created to refine and distribute petroleum products in the eastern and western United States, respectively.[3] These joint ventures sold their products to Shell- and Texaco-branded gas stations, and set a uniform price for such products. Defendants formed Equilon on January 1, 1998, and Motiva on July 1, 1998. Both joint ventures allegedly operated until October 9, 2001. Plaintiffs, gasoline retailers who purchased from the joint ventures, seek to represent a putative class of roughly 25,000 retailers who operated Shell- and Texaco-branded gas stations throughout the United States.

In 1999, another group of Shell and Texaco retailers brought a claim (the "*Dagher*" suit) alleging that the formation and conduct of the Equilon and Motiva joint ventures constituted a violation of

---

[1]Plaintiffs' Request for Oral Argument, filed July 1, 2008, is **DENIED**. We find counsel's briefing sufficient to advise us of the controlling issues. Our decision would not be further assisted by oral argument.

[2]Through its purchase of Texaco, Inc. ("Texaco").

[3]Saudi Refining did not participate in Equilon.

E-FILED - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1283-GHK (JWJx) | Date | July 11, 2008 |
|---|---|---|---|
| Title | *Mike M. Madani, et al. v. Shell Oil Company, et al.* | | |

Section 1 of the Sherman Act, 15 U.S.C. § 1, under the *per se* rule.[4]  We granted summary judgment for defendants and dismissed that claim in 2002.  *See Dagher v. Saudi Refining, Inc.*, No. CV 99-6114 GHK, 2002 WL 34099815 (C.D. Cal. Aug. 13, 2002).  After reversal in the Ninth Circuit, the Supreme Court ultimately upheld our ruling, agreeing that defendants were not in *per se* violation of the Sherman Act.  *See Texaco Inc. v. Dagher*, 547 U.S. 1 (2006).

Plaintiffs filed this lawsuit in the Northern District of California on August 21, 2007, and it was later transferred here.  Plaintiffs' Complaint alleges that Defendants' actions in forming and operating the joint ventures were in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 7 of the Clayton Act, 15 U.S.C. § 18.  However, because the per se claim is precluded by the Supreme Court's decision in *Dagher*, Plaintiffs here allege that Defendants' conduct violated 15 U.S.C. § 1 under the rule of reason.  Yet in the *Dagher* suit, plaintiffs specifically waived any rule of reason claim, even when given an explicit opportunity on the record to amend the pleadings in order to include such a claim.  (Mot. Ex. I, Tr. of Dec. 6, 1999 Hr'g at 14:22–16:8.)  Nonetheless, Plaintiffs now seek the proverbial second bite at the apple.

## II.     Statute of Limitations

The Complaint does not allege that the purported anti-competitive behavior continued past the time when the joint ventures ended.  As such, Plaintiffs' claims cannot have arisen later than October 2001.  As this Complaint was filed on August 21, 2007, it would ordinarily be time-barred on its face.  Plaintiffs do not dispute that the four-year statute of limitations in Section 4B of the Clayton Act, 15 U.S.C. § 15b, governs both the Sherman and Clayton Act claims here.  However, Plaintiffs argue that the limitations period was tolled while the *Dagher* suit was pending.  Plaintiffs argue that the tolling period extends from June 15, 1999, when the *Dagher* action was filed, to November 15, 2006, when this Court received the mandate from the Ninth Circuit affirming our grant of summary judgment pursuant to the Supreme Court's decision.  If we accept this argument, then the Complaint is timely.  If we reject it, the Complaint is time barred.  Plaintiffs' theory rests on the "class action tolling" doctrine developed by *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), and its progeny.  We conclude that class action tolling is unavailable here, and accordingly **GRANT** Defendants' Motion.

## III.    Class Action Tolling

The tolling doctrine expressed in *American Pipe*, and developed subsequently, is limited in scope.  In *American Pipe*, the Supreme Court held that tolling applied to intervening plaintiffs while a certification decision was still pending in the original action.  The Court held that, "at least where class action status has been denied solely because of failure to demonstrate that 'the class is so numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the

---

[4] Plaintiff Mike M. Madani, the lead Plaintiff here, was also a named plaintiff in *Dagher*.

E-FILED - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1283-GHK (JWJx) | Date | July 11, 2008 |
|---|---|---|---|
| Title | *Mike M. Madani, et al. v. Shell Oil Company, et al.* | | |

court has found the suit inappropriate for class action status." *American Pipe*, 414 U.S. at 552–53. Later, in *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983), the Court held that tolling is also available for a subsequent individual action brought by a putative class member after certification is denied in the original action. *Crown*, 462 U.S. at 354. Despite these narrow origins, Plaintiffs now seek a considerable expansion of the class action tolling doctrine.

//
//

    **A.**    **Class Action Tolling for Subsequent Class Actions**

In *Robbin v. Fluor Corp.*, 835 F.2d 213 (9th Cir. 1987), the Ninth Circuit held that class action tolling is unavailable for subsequent class actions, declining to extend the holding in *Crown* that tolling was available for both intervention and subsequent individual actions. *Robbin*, 835 F.2d at 214. *Robbin* concerned a class action suit for securities fraud, initially filed in New York, in which class certification was denied (after a prior dismissal, appeal, and remand), leading to voluntary dismissal. *Id.* Later, a new class action was filed in California alleging the same violations as the prior New York action. *Id.* The Ninth Circuit, siding with numerous other courts that had considered the same question, held that "to extend tolling to class actions 'tests the outer limits of the *American Pipe* doctrine and . . . falls beyond its carefully crafted parameters into the range of abusive options.'" *Robbin*, 835 F.2d at 214 (quoting *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987)).

The Ninth Circuit, sitting en banc, later found an exception in *Catholic Social Services, Inc. v. I.N.S.*, 232 F.3d 1139 (9th Cir. 2000) ("*CSS*"). But Plaintiffs' argument has the effect of allowing this exception, granted on unique facts not present here, to swallow the rule clearly expressed in *Robbin*. The court in *CSS* merely extended tolling to a subsequent class action filed to cure a deficiency created when Congress enacted a new statute while an appeal was pending. *CSS*, 232 F.3d at 1146–47. The new statute had eliminated the claims of the named plaintiffs in the previously certified class. *Id.* As the Ninth Circuit specifically stated in allowing tolling, "[t]he substantive claims asserted in this action are thus within the scope of those asserted in the earlier action, and the dismissal of that [earlier] action did not result from an adverse decision on the merits of any of those claims." *Id.* at 1149. Here, by contrast, dismissal of the *Dagher* action resulted precisely from an adverse decision on the merits of the claim there. Plaintiffs were not forced by Congressional intervention to change their claims. Rather, they have simply decided to pursue a theory that was abandoned in prior litigation. As such, we conclude that *CSS* is inapplicable here and that tolling does not apply to Plaintiffs' action under the broad rule announced in *Robbin*.

    **B.**    **Class Action Tolling for New Claims**

Even were we to conclude that *CSS* broadly abrogated the holding in *Robbin*, this action would still not be amenable to tolling because of the differences between the rule of reason and Clayton Act claims alleged in this action and the per se theory pursued in *Dagher*. Plaintiffs argue that class action tolling continues until a ruling on certification. However, such a rule would be senseless here. As there

**E-FILED - JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1283-GHK (JWJx) | Date | July 11, 2008 |
|---|---|---|---|
| Title | *Mike M. Madani, et al. v. Shell Oil Company, et al.* | | |

was no ruling on certification in *Dagher*, such a rule would entail that tolling still has not ended.

      We conclude that any tolling available to Plaintiffs ended when counsel in *Dagher* waived, on the record, any reliance on a rule of reason theory. At that point, it became clear that the class in *Dagher* could not and would not adjudicate a rule of reason claim. Absent class members were therefore obligated to assert any rule of reason claim at that time.

      As the Court noted in *American Pipe*, "statutory limitation periods are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *American Pipe*, 414 U.S. at 554 (internal citations and quotation omitted). Tolling is permissible when commencement of the class suit "notifies the defendants not only of the substantive claims being brought against them [and] of the number and generic identities of the potential plaintiffs who may participate in the judgment." *Id.* at 555.

      Defendants did not merely lack notice of the claims at issue here. Once counsel in *Dagher* disclaimed any reliance on rule of reason analysis, Defendants had affirmative notice that such claims were not at issue. Despite Plaintiffs' arguments to the contrary, there are substantial differences between rule of reason and per se claims.[5] The rule of reason claim here does not "concern the same evidence, memories, and witnesses" as the per se claim raised in *Dagher*. *See id.* at 562 (Blackmun, J., concurring). Rather, adjudicating the rule of reason claim would require analysis of market conditions, possible pro- and anti-competitive effects of the Equilon and Motiva joint ventures, and other factors that were not at issue in *Dagher*.

      As the Court also reasoned in both *American Pipe* and *Crown*, allowing tolling while a class action is pending also promotes "the efficiency and economy of litigation" behind the class action procedure allowed by Fed. R. Civ. P. 23. *See American Pipe*, 414 U.S. at 553–54; *see also Crown*, 462 U.S. at 349–50 (discussing the holding in *American Pipe*, and the purpose of promoting the efficiency of the class action by allowing tolling). As stated in *Crown*, "unless the statute of limitations was tolled by the filing of the class action, class members would not be able to rely on the existence of the suit to protect their rights." *Crown*, 462 U.S. at 350. To disallow tolling would prompt unnamed members of the purported class to intervene, or to file defensive individual actions while decision on the class claim was still pending. *Id.* Prompting such a flurry of individual suits or motions to intervene would defeat

---

[5] The differences between claims under Section 1 of the Sherman Act and Section 7 of the Clayton Act are also substantial. A Section 7 Clayton Act claim relates to anti-competitive behavior in the context of mergers and acquisitions, and so would purportedly address the formation of the joint ventures. Section 1 Sherman Act claims address anti-competitive behavior more generally. *Dagher* did not involve a claim under Section 7 of the Clayton Act.

*E-FILED - JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1283-GHK (JWJx) | Date | July 11, 2008 |
|---|---|---|---|
| Title | *Mike M. Madani, et al. v. Shell Oil Company, et al.* | | |

the purposes behind Rule 23.

The same concerns are not present here, however. To the contrary, while purported members of the instant class may have relied on the *Dagher* case before it was clear that the rule of reason would not be asserted (and hence tolling would prevent interference with the potential class), once the rule of reason claim was specifically excluded from *Dagher*, potential class members interested in asserting a claim based on that theory could not reasonably rely on the *Dagher* class to protect their rights. Neither the rule of reason nor the Clayton Act were subject to adjudication in *Dagher*. No class member can expect a class to protect rights that are not asserted. That is particularly clear where, as here, class counsel had disclaimed any intention of asserting such rights. Post-waiver, any subsequent intervention, individual suit, or class action based on the rule of reason or the Clayton Act would not have interfered with the purpose of the purported class under the per se theory in *Dagher*. This is because the potential class in *Dagher* would address solely a different theory of relief.

We would frustrate the purposes behind the limitations period were we to allow tolling here.[6] Moreover, we would do nothing to promote the efficiency and judicial economy that Rule 23 is designed to protect.[7] The explicit waiver in *Dagher* gave sufficient notice to absent class members that only a per se claim would be adjudicated in that action, and hence of the need to assert a rule of reason claim at that time. As such, we decline to extend tolling past the point at which counsel in *Dagher* waived, on the record, the rule of reason claim now asserted in this action.

### C.  Class Action Tolling Pending Appeal

Even were we to construe the waiver in *Dagher* as insufficient notice, any prospective litigants wishing to assert rule of reason and Clayton Act claims were, at the latest, put on notice by our judgment in the *Dagher* action. Such judgment was entered August 13, 2002, more than four years before Plaintiffs' Complaint was filed in this action. Nothing precluded Plaintiffs from bringing suit at that time, as the claims in the current action could not have been adjudicated by the appeal in the *Dagher* action. As such, even were we to apply tolling after the explicit waiver in *Dagher*, this claim would still be time-barred.

### IV.  Conclusion

Class action tolling is precluded by the broad holding of the Ninth Circuit in *Robbin*, as the facts

---

[6]We do not hold that counsel's disavowal of a rule of reason claim in *Dagher* has any res judicata or estoppel effects on Plaintiffs here. We intimate no opinion on such issues.

[7]Contrary to Plaintiffs' arguments, our holding would not have required "a needless multiplicity of actions." (See Opp'n at 18:10–16.) Our holding requires nothing more of prospective plaintiffs than that they raise claims—whether by intervention, individual action, or a separate class action—once it becomes clear that such claims cannot be adjudicated by an existing class.

E-FILED - JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1283-GHK (JWJx) | Date | July 11, 2008 |
|---|---|---|---|
| Title | *Mike M. Madani, et al. v. Shell Oil Company, et al.* | | |

here do not fit the narrow exception permitting tolling for a subsequent class action recognized in *CSS*. Moreover, even had this case been brought as an individual action, tolling would still be unavailable due to the change in claims and the long duration between the entry of judgment in *Dagher* and the filing of this action. As such, the Motion is **GRANTED**.[8] Because Plaintiffs' claims are barred by the statute of limitations, the Complaint is **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED.**

                                                                                                                                :

                                              Initials of Preparer          Bea

---

[8] In light of our holding that class action tolling does not apply here, we need not address Defendants' alternative argument that the Complaint fails to state a claim because it does not adequately allege a relevant geographical market for the purported anti-competitive activity.